UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joanne Souelliard, *et al.*

        Plaintiffs/Petitioners,        Case No. 25-14198

v.        Judith E. Levy
        United States District Judge

Jeffrey Howard, *et al.*,

        Mag. Judge David R. Grand

        Defendants/Respondents.

_____/

**OPINION AND ORDER DISMISSING SEVERAL PLAINTIFFS/PETITIONERS, STRIKING THE COMPLAINT AND/OR PETITION [1] FOR NON-COMPLIANCE WITH THE COURT'S ORDER, AND DISMISSING THE CASE**

On December 31, 2025, this case was initiated with a document titled, "complaint and demand for jury trial on joint petition for writ of habeas corpus filed under 28 U.S.C. § 2265." (ECF No. 1, PageID.2.) Plaintiffs "Joanne Souelliard," "Robin Kraemer," "Mary (Travis) Shooltz," "Tina Bommarito," "Andrea (Bommarito) Walker," "Carli (Boike) Carpenter," and Derrick Lee Cardello-Smith, bring suit against a variety

of Defendants and also seek habeas relief for Cardello-Smith.[1] (*Id.* at PageID.1.) As set forth in the complaint, Plaintiffs (other than Cardello-Smith) identify themselves as "false rape victim[s]" who "framed" Cardello-Smith. (*Id.* at PageID.2, 4–5.) The complaint claims that "Sean Combs is behind all of this" and "is funding this." (*Id.* at PageID.6.) All Plaintiffs request that Cardello-Smith be released from custody and that a jury trial be granted for various matters. (*Id.* at PageID.6–7.)

For the reasons set forth below, all Plaintiffs except Cardello-Smith are dismissed, the complaint is stricken for failure to follow the Court's order, and the case is dismissed.

### I. Dismissing all Plaintiffs but Cardello-Smith for lack of standing

The Court first dismisses all Plaintiffs but Cardello-Smith for lack of subject matter jurisdiction.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y & H*

---

[1] The initiating document in this case is described as both a complaint and a petition. For the sake of simplicity, the Court will address the Plaintiff/Petitioners solely as "Plaintiffs," Defendants/Respondents solely as "Defendants," and the initiating document as "the complaint."

*Corp.*, 546 U.S. 500, 514 (2006)). The Court lacks subject matter jurisdiction when a litigant cannot establish constitutional standing. *Glennborough Homeowners Ass'n v. U.S. Postal Serv.*, 21 F.4th 410, 414 (6th Cir. 2021). To establish constitutional standing, a plaintiff must demonstrate that they personally experienced an injury that is fairly traceable to the defendant's conduct and is likely to be addressed by the relief sought. *Babcock v. Michigan*, 812 F.3d 531, 539 (6th Cir. 2016); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (stating that the injury "must affect the plaintiff in a personal and individual way" (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992))).

Here, the Plaintiffs aside from Cardello-Smith lack standing because they do not plead that they experienced an injury that is likely to be addressed by the relief sought. In their statement of relief sought, they seek a jury trial "on the standing that we have," "on our one voice to be heard," "next-friend status," and "on this case being assigned to a different judge," and for Cardello-Smith to be released from state custody. (ECF No. 1, PageID.7.) To the extent that a jury trial can be a form of relief in and of itself, these Plaintiffs do not adequately plead an injury that would be remedied by a jury trial on these issues.

3

Additionally, these Plaintiffs do not adequately plead an injury that would be remedied by Cardello-Smith's release from custody. His release from custody would benefit Cardello-Smith, not these Plaintiffs. As such, these Plaintiffs lack standing.[2]

Similarly, to the extent these Plaintiffs filed a habeas petition on behalf of Cardello-Smith, they also lack standing to do so. This is not the first time that a habeas petition regarding Cardello-Smith was supposedly filed by or with another person. *See Carpenter ex rel. Cardello-Smith v. King*, No. 2:24-CV-11176, 2024 WL 3974211 (E.D. Mich. Aug. 28, 2024) (Grey, J.); *Preston v. Wayne Cnty. Prosecutor's Off.*, No. 25-CV-12447, 2025 WL 2487774, at *3 (E.D. Mich. Aug. 28, 2025) (White, J.). As set forth in *Preston*,

> An application for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status will not be granted

---

[2] The complaint also requests that Wayne County Prosecutor Kym Worthy be arrested and "placed in prison." (ECF No. 1, PageID.6.) Assuming that this is another form of relief sought, Plaintiffs do not have standing for this form of relief "because a private citizen 'lacks a judicially cognizable interest in the prosecution or non-prosecution of another.'" *Feiler v. Johnson*, No. 223CV11225TGBKGA, 2023 WL 4831424, at *3 (E.D. Mich. July 27, 2023) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

4

automatically. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 [ ] (1990). Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Id.* First, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* Secondly, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* Restrictions have been imposed upon whom may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164 [ ]. Where a habeas petitioner seeks to proceed as the next friend of a state inmate, the burden is upon the petitioner to establish the propriety of his status to justify the court's jurisdiction. *See Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998).

*Preston*, 2025 WL 2487774, at *3. Here, these Plaintiffs are not entitled to serve as a "next friend" for Cardello-Smith "because they failed to allege or present evidence that Cardello-Smith is incompetent or incapable of bringing a habeas petition on his own behalf, nor have [they] presented evidence that they are truly dedicated to Cardello-Smith's interests." *Id.* at *4. Further, Cardello-Smith is a Plaintiff in this case; as such, he is clearly capable of bringing a petition on his own behalf.

Thus, Plaintiffs aside from Cardello-Smith are dismissed from the suit for lack of standing.

5

## II. Striking the complaint and dismissing the suit for failure to follow the Court's orders

Cardello-Smith has an extensive history of vexatious litigation in this Court. Because of Cardello-Smith's extensive history of vexatious and frivolous litigation and his failure to heed the Court's warnings to cease this conduct, this Court enjoined him from filing any additional cases or documents in the Court unless leave was granted to do so. *Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 1951722, at *7–12 (E.D. Mich. June 30, 2025). The Court issued the following order:

> First, Plaintiff Derrick Lee Cardello-Smith is ENJOINED from filing any new lawsuits or other documents in the Eastern District of Michigan without first seeking and obtaining leave of court. Specifically, he must receive written permission from the Chief Judge or the Miscellaneous Duty Judge by following the requirements below:
>
> 1. If Cardello-Smith wishes to file any document in the U.S. District Court for the Eastern District of Michigan, including a complaint, he must file a "Motion Pursuant to Court Order Seeking Leave to File."
>
> 2. With the above Motion Pursuant to Court Order Seeking Leave to File, Cardello-Smith must attach the following as exhibits:
>
>> a. A copy of the document he proposes to file;
>>
>> b. A copy of this Order;

6

> c. A written declaration which he has prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit, certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the proposed filing is not being filed in bad faith;
>
> d. A document containing a list showing (1) the complete caption of every suit that has been previously filed by him or on his behalf in any court against each defendant in any new suit he wishes to file and (2) the complete caption of every suit which he has currently pending;
>
> e. A complete set of copies of each Complaint identified and listed in the document required by subparagraph (d) above, along with a record of its disposition.

The Court may deny any Motion for leave to file if it does not comply with the above requirements or if the proposed filing is duplicative, frivolous, vexatious, or harassing. If the Motion is denied, the proposed filing shall not be accepted for filing. Cardello-Smith's failure in any way to comply fully with the terms of this Order shall be sufficient grounds to deny any Motion for leave to file.

Further, to prevent future harassment and waste of the Court's limited resources, the Clerk's office is ORDERED as follows:

> 1. Any document submitted by Cardello-Smith shall not be accepted for filing unless it is a "Motion Pursuant to Court Order Seeking Leave to File" and unless it contains the exhibits described above.

> 2. The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, or any other documents, in connection with any "Motion Pursuant to Court Order Seeking Leave to File," which Cardello-Smith files, unless and until leave has been granted.

*Cardello-Smith v. Combs*, 2025 WL 1951722, at *11–12.

Plaintiff's filing did not comply with the Court's order. (ECF No. 1.) It is therefore stricken and the case is dismissed without prejudice.

### III. Conclusion

For the reasons set forth above, Plaintiffs "Joanne Souelliard," "Robin Kraemer," "Mary (Travis) Shooltz," "Tina Bommarito," "Andrea (Bommarito) Walker," and "Carli (Boike) Carpenter" are DISMISSED from the case for lack of standing, the complaint (ECF No. 1) is STRICKEN, and the case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: January 13, 2026          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                        United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2026.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager